**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KENNETH RAY BUMPASS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-068-Y |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.     PARTIES**

Petitioner Kenneth Ray Bumpass, TDCJ #378073, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.      PROCEDURAL BACKGROUND**

On August 25, 1983, Bumpass was indicted in Tarrant County, Texas, on a charge of aggravated sexual abuse of a child younger than 14 years of age, the offense occurring on or about August 5, 1983. (Transcript at 2.) On April 25, 1984, a jury found Bumpass guilty of the offense, and the trial court assessed his punishment at 99 years' confinement. (*Id.* at 57.) Bumpass sought direct review of his conviction and sentence, however, the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Bumpass's petition for discretionary review. *Bumpass v. Texas*, No. 2-84-119-CR, slip op. (Tex. App.–Fort Worth Jan. 30, 1985); *Bumpass v. Texas*, PDR No. 257-85.

Bumpass also sought postconviction state and federal habeas relief. He filed two state habeas applications, both of which were denied by the Texas Court of Criminal Appeals without written order. In the first, filed on December 7, 1987, he challenged only his conviction and sentence. *Ex parte Bumpass*, Application No. 17,938-01, at cover. In the second, filed on April 26, 2004, he raised one or more of the claims presented herein. *Ex parte Bumpass*, Application No. 17,938-02. Bumpass also filed two previous federal petitions for writ of habeas corpus. The first, filed on October 28, 1988, was denied on June 27, 1989, and the District Court's judgment was affirmed on appeal. *Bumpass v. Lynaugh*, Civil Action No. CA-4-88-738-K (N.D. Tex. June 27, 1989); *Bumpass v. Lynaugh*, slip op., No. 89-1697 (5th Cir. Mar. 2, 1990) (not designated for publication). The second, filed on March 31, 1995, was dismissed for abuse of the writ, and the District Court's judgment was affirmed on appeal. *Bumpass v. Scott*, Civil Action No. 4:95-CV-211-Y (N.D. Mar. 26, 1996); *Bumpass v. Scott*, slip op., No. 96-10475 (5th Cir. Nov. 5, 1996) (not designated for publication). Bumpass filed this petition on January 12, 2005.

2

**D.    ISSUES**

In five issues, Bumpass asserts his constitutional rights were violated because he was denied timely access to the courts, his conviction and sentence are illegal, he was denied good time credits, and he was denied release to parole and mandatory supervision.

**E.    RULE 5 STATEMENT**

Dretke believes that Bumpass has failed to exhaust his state court remedies as to one or more of his claims and/or that one or more of his claims is successive.  *See* 28 U.S.C. §§ 2244, 2254(b) (Resp't Answer at 3-5, 7-9.)

**F.    EXHAUSTION**

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state.  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

Having reviewed the state court records, it appears Bumpass's claims were sufficiently exhausted in state court, with the exception of his time-credit claim under ground three.  *See* 28 U.S.C. § 2254(b)(1)(A).  A Texas prisoner challenging the failure to be awarded time credits toward

his sentence may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2004); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bautista v. McCotter* 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. *See also Ex Parte Bates*, 978 S.W.2d 575, 576-77 (Tex. Crim. App. 1998). However, before seeking state habeas relief under article 11.07, Texas inmates are typically required to first pursue time-credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[1] Only after such administrative relief is pursued and the inmate receives a written

---

[1]Section 501.0081 of the Texas Government Code provides:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

4

decision issued by the highest authority provided for in the resolution system, or if 180 days have passed without receipt of such a written decision, may the inmate then file a state application for writ of habeas corpus. *See id.* § 501.0081(b)(1)-(2); *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Bumpass apparently attempted to exhaust the prison's administrative remedies as to his time-credit claim by filing a Step 1 and Step 2 grievance and by sending a six-page, handwritten document to the Classification Records Office, to no avail. (State Habeas R. at 72-76, 79-82, 83-88.) It does not appear, however, that he pursued time-credit dispute resolution of the claim on the form and in the manner prescribed by TDCJ. Thus, Bumpass has not exhausted his state administrative remedies as to his time-credit claim, and the claim should be dismissed without prejudice on exhaustion grounds.[2]

## G.   SUCCESSIVE PETITION

28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

>    (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[2]The Texas Court of Criminal Appeals denied Bumpass's state habeas application, in which his time-credit claim and others were raised, without written order. Typically, such a denial implies the state court adjudicated the claims on the merits. However, that court regularly relies upon § 501.0081 in dismissing state applications where the prisoner has not exhausted time credit dispute resolution.

5

   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).  Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals.  *Id.* § 2244(b)(3).

  Bumpass claims his conviction and sentence are illegal because he was convicted under § 22.021 of the Texas Penal Code, which did not become law until September 1, 1983, 27 days after the offense date of August 5, 1983.  (Petition at 7.)  He asserts that he first learned of this fact on September 16, 2004, in a teleconference regarding his time-credit dispute.  (*Id.*)  The factual basis for this claim, however, could have been discovered and raised in a previous petition had Bumpass exercised due diligence.  Accordingly, Bumpass's claim under his second ground is successive and should be dismissed, subject to authorization from the Fifth Circuit to raise the claim in a successive petition.  *See* 28 U.S.C. § 2244(b)(1)-(3).[3]

## H. DENIAL OF ACCESS TO COURTS

  Bumpass claims that TDCJ's intentional, vindictive and burdensome time delays thwarted his efforts to exhaust the various prison administrative remedies before seeking state or federal habeas relief and effectively denied him timely access to the courts in violation of his due process and equal protection rights.  (*Id.*)  Dretke asserts that Bumpass fails to state a claim for relief because he does not raise a time-bar issue.  (Resp't Answer at 3 n.1.)  *See* 28 U.S.C. § 2244(d).  Dretke's

---

[3]*Compare Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286 (N.D. Tex. Apr. 5, 2004) (not designated for publication) (providing that "mixed" petition containing claims that could have been raised previously and claims that could not have been so raised was successive petition requiring authorization from the Fifth Circuit Court of Appeals).

assertion is supported by the pleadings in this case and is construed as an intentional waiver of any limitations defense. Under these circumstances, Bumpass cannot demonstrate that he was denied access to the courts as a result of TDCJ's alleged delays in processing his administrative remedies.

Moreover, although the prison's administrative remedies may encompass some part of the one-year limitations period, Bumpass has not shown that the administrative remedies were inadequate or that TDCJ intentionally delayed the administrative processing of his claims so as to deny him access to the courts. Bumpass contends he experienced delays while he pursued grievance procedures, time credit dispute resolution, and administrative appeals. However, the record does not demonstrate that he, in fact, pursued each of those administrative remedies or that he did so in a procedurally correct manner. (State Habeas R. at 70-107, Resp't Answer, Exhibit A.) Finally, the requirement that a pro se petitioner properly exhaust administrative remedies does not necessarily endanger a petitioner's access to the federal courts. The one-year limitation period for filing a federal habeas corpus petition may, in the appropriate circumstances, be tolled as a matter of equity during the pendency of such administrative review processes. *See Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002); *Goodall v. Cockrell*, No. 4:01-CV-929-Y, 2002 WL 1896976, *1 n.6 (N.D. Tex. 2002) (stating "it would be illogical not to afford the inmate equitable tolling for the time it takes to complete a state-mandated administrative review process that by necessity will coincide and overlap with the running of that one year [limitation period]").

## I.      DENIAL OF PAROLE AND MANDATORY SUPERVISION

Bumpuss claims that, although eligible, he was denied release to "nondiscretionary" parole. (Petition at 8.) The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas inmates have no constitutionally

7

protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Consequently, to the extent Bumpass claims he is entitled to immediate release from confinement to parole, his claim does not provide a basis for federal habeas corpus relief as no constitutional violation has occurred.

Bumpass claims that, although eligible, he was denied release to mandatory supervision. (Petition at 13.) A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). However, former article 42.12, § 15(c) of the Texas Code of Criminal Procedure, in effect at the time of the offense and conviction provided, in relevant part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 922, 927-28 (current version at TEX. GOV'T CODE ANN. § 508.147(a) (Vernon 2004)). The Fifth Circuit has interpreted this statute to create, as a matter of constitutional due process, an expectancy of early release to those inmates whose calendar time combined with good time credits equal the sentence imposed. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).

Bumpass appears to argue that because he has served a minimum of 20 years and his flat time and good time credits equal or exceed 60 years, he should be released to mandatory supervision. (State Habeas R. at 23-28.) Bumpass's formula, however, pertains to eligibility for

8

parole under the law in effect at the time of the offense and conviction.[4]  Contrary to his assertion, the same laws do not apply to both parole and mandatory supervision.  Under the mandatory supervision statute, Bumpass is not eligible for mandatory supervision release until his calendar time served plus any accrued good conduct time equal 99 years.  The record reflects that, at this point, that will not occur until December 3, 2016, Bumpass's scheduled mandatory supervision release date.  (Resp't Answer, Exhibit A.)

**J.    SUMMARY**

Bumpass has failed to demonstrate that the state court's adjudication of his claims is contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II.  RECOMMENDATION

It is therefore recommended that Bumpass's second ground be dismissed as successive, that his third ground be dismissed for failure to exhaust, and that his remaining grounds be denied.

---

[4]Former article 42.18, § 15(b) provided:

> A prisoner under sentence of death is not eligible for parole.  If a prisoner is serving a sentence of the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years.  All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less.

*See* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 925, 927 (current version at TEX. GOV'T CODE ANN § 508.145 (Vernon 2004)).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 6, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 6, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 16, 2005.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE