IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KENNETH RAY BUMPASS, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:05-CV-068-Y |
| § | |
| DOUGLAS DRETKE, Director, § | |
| T.D.C.J., Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Kenneth Ray Bumpass under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 16, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 2, 2005.

The Court, after de novo review, concludes that Bumpass's objections must be overruled, and that some of the claims in the petition for writ of habeas corpus should be dismissed, and the remaining claims should be denied, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Bumpass's grounds for relief that: (1) he was denied timely access to the courts; (4) he was denied release on parole; and (5) he was denied release to mandatory supervision, are DENIED.

Bumpass's grounds for relief number (3), denial of good time credits, is DISMISSED WITHOUT PREJUDICE for failure to exhaust,

except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[1]

Bumpass's ground for relief number (2), his conviction and sentence are illegal, is DISMISSED WITHOUT PREJUDICE to his right to file a motion under 28 U.S.C. § 2244(b)(3)(A) in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition.

SIGNED September 9, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is expressly warned of the time limitation for the filing of federal habeas corpus petitions. As a result of amendments to the habeas corpus statutes, a one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(West Supp. 2005). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West Supp. 2005).

2